UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NW CLASSIC BUILDERS, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, an Illinois insurance company; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania insurance Company,<br><br>Defendants. | Case No. 2:22-cv-01460<br><br>**COMPLAINT FOR DECLARATORY AND OTHER RELIEF**<br><br>JURY DEMAND |

For its Complaint against Defendants Evanston Insurance Company ("Evanston") and National Union Fire Insurance of Pittsburgh, PA ("National"), Plaintiff NW Classic Builders, LLC ("NW Classic") alleges as follows:

**PARTIES**

1. NW Classic is a limited liability company organized under the laws of the State of Washington with its principal place of business in Mercer Island, Washington. At all material times, NW Classic was licensed to do business as a general contractor in the State of Washington. The members of NW Classic are all citizens of the State of Washington.

2. Evanston is an insurance company organized under the laws of the State of Illinois. Based on information and belief, Evanston's principal place of business is in the State of Illinois and Evanston is a citizen of that State.

///

PAGE 1 – COMPLAINT (2:22-cv-01460)

3. National is an insurance company organized under the laws of the Commonwealth of Pennsylvania. Based on information and belief, National's principal place of business is in the State of New York and National is a citizen of New York and of Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 in that complete diversity exists between NW Classic, on the one hand, and Evanston and National, on the other, and the amount in controversy exceeds $75,000.

5. An actual controversy exists between the parties regarding Evanston's and National's obligations under policies of liability insurance under which NW Classic is an additional insured with respect to a suit brought against NW Classic by Felipe Israel Rodriguez Flores ("Flores"). Under 28 U.S.C. § 2201, NW Classic is entitled to declaratory relief from this Court regarding those obligations.

6. Under 28 U.S.C. § 1391, venue is proper in this judicial district as this action involves a dispute regarding the availability of insurance coverage for a claim that allegedly arises from this judicial district.

## BACKGROUND

7. Flores filed an action against NW Classic and other defendants in the Superior Court for the State of Washington, in and for the County of King, Case No. 19-2-29887-1 SEA (the "Flores Action"). A copy of Flores' Complaint in the Flores Action is attached as Exhibit 1 and incorporated by reference ("Flores Complaint").

8. As alleged in the Flores Complaint, Flores was injured at a construction project located at or around 222 220th Ave. SE, Sammamish, King County, WA, and which involved a new housing development and installation of a water detention vault (the "Jobsite"). Flores alleges that he was an employee of ARH & Associates, Inc. ("ARH"), and that he was working at the Jobsite pursuant to contractual agreement(s) between ARH and, among other alleged general contractors, NW Classic. He alleges that on March 29, 2017, he was ordered to perform a

PAGE 2 – COMPLAINT (2:22-cv-01460)

task or series of tasks at the Jobsite, including nailing wooden forms for a concrete pour, and that in performing that task or series of tasks, he was working on an extension ladder. He alleges that the ladder failed, causing him to fall and suffer severe injuries.

9. Flores seeks $11,723,000 in damages in the Flores Action and has demanded $3 million from NW Classic to settle that Action.

10. Evanston issued to ARH a commercial general liability policy of insurance number #C21166, ("Evanston Policy"), which was effective from August 17, 2016, to August 17, 2017. NW Classic is an additional insured under the Evanston Policy. The Evanston Policy provides coverage to NW Classic on a primary and non-contributory basis.

11. National issued to ARH an umbrella liability policy of insurance number #C21166, ("National Policy"), which was effective from August 17, 2016, to August 17, 2017. NW Classic is an additional insured under the National Policy. Based on information and belief, the National Policy provides coverage to NW Classic on a primary and non-contributory basis.

12. NW Classic tendered its defense of the Flores Action to, and demanded indemnity from, Evanston and National.

13. Evanston initially agreed to defend NW Classic under a reservation of rights based on the Evanston Policy but subsequently informed NW Classic is not entitled to coverage under the Evanston Policy. To date, Evanston has failed to pay any amount for NW Classic's defense of the Flores Action.

14. Evanston has failed to properly investigate Mr. Flores' claims in a timely manner as required by the Washington Administrative Code ("WAC") section 284-30-330 (3). Evanston has also refused to honor its primary insurance obligations to NW Classic and to settle Mr. Flores' claim after ARH's liability for Mr. Flores' injuries has become reasonably clear under WAC 284-30-330 (6).

15. National has yet to respond to NW Classic's tender of defense and demand for indemnity of the Flores Action.

PAGE 3 – COMPLAINT (2:22-cv-01460)

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief Under 28 U.S.C. § 2201)**

16. NW Classic incorporates by reference the allegations set forth in paragraphs 1 through 15 above.

17. A present and actual controversy exists between NW Classic and Evanston regarding their respective rights under the Evanston Policy, and NW Classic and National regarding their respective rights under the National Policy, and Evanston's and National's Associated Industries' obligations to defend and indemnify York in the Flores Action.

18. Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, NW Classic seeks and is entitled to a declaration of the rights of NW Classic and Evanston under the Evanston Policy, and of the rights of NW Classic and National under the National Policy, in relation to the Flores Action.

19. NW Classic seeks a legal determination and declaration that NW Classic is an additional insured under the Evanston Policy and the National Policy, that Evanston has a duty to defend and indemnify NW Classic under the terms, conditions, exclusions and endorsements contained in the Evanston Policy, and that National has a duty to defend and indemnify NW Classic under the terms, conditions, exclusions and endorsements contained in the National Policy, both on primary and non-contributory bases, in relation to the Flores Action.

20. NW Classic seeks a legal determination and declaration that NW Classic is entitled to damages from Evanston Pursuant to RCW § 48.30.015 arising from Evanston's unreasonable denial of a claim for coverage, including an award of reasonable attorneys' fees, non-economic damages, and actual and statutory litigation costs, including expert witness fees, based on Evanston's violations of WAC 284-30-330 as alleged in paragraph 14.

**DEMAND FOR JUDGMENT**

Therefore, NW Classic demands that judgment be entered: declaring that NW Classic is an additional insured under the Evanston Policy and the National Policy, and that Evanston and

PAGE 4 – COMPLAINT (2:22-cv-01460)

GILBERT | LEVY | BENNETT
5400 Meadows Road, Suite 150
Lake Oswego, Oregon 97035
Main (971) 312-0660
Fax (971) 312-0235

1  National owe duties under their respective Policies to defend and indemnify NW Classic against
2  the claims asserted in the Flores Action on primary and non-contributory bases; declaring that
3  Evanston has violated RCW § 48.30.015 and WAC 284-30-330; awarding against Evanston NW
4  Classic' reasonable attorneys' fees, non-economic damages, and actual and statutory litigation
5  costs, including expert witness fees arising out of its violations of RCW § 48.30.015 and WAC
6  284-30-330; awarding NW Classic its costs and expenses incurred in this Action; and any other
7  relief the Court deems appropriate.

      DATED:  October 14, 2022

                                                        Respectfully submitted,

                                                        GILBERT | LEVY | BENNETT

                                                        By:    *s/ Bruce R. Gilbert*
                                                              Bruce R. Gilbert, WSB #25396
                                                              bruce@theglb.com
                                                              *Attorney for Plaintiff Classic Builders, LLC*

**PAGE 5 – COMPLAINT (2:22-cv-01460)**